1   FISHER & PHILLIPS LLP
    John E. Lattin, IV (SBN 167876)
2   E-mail: jlattin@laborlawyers.com
    2050 Main Street, Suite 1000
3   Irvine, CA 92614
    Telephone:  (949) 851-2424
4   Facsimile:  (949) 851-0152

5   FISHER & PHILLIPS LLP
    Christopher C. Hoffman (SBN 176334)
6   E-mail: choffman@laborlawyers.com
    James C. Fessenden (SBN 238663)
7   E-mail: jfessenden@laborlawyers.com
    4747 Executive Drive, Suite 1000
8   San Diego, CA  92121
    Telephone:  (858) 597-9600
9   Facsimile:  (858) 597-9601

10   Attorneys for Defendant
    ORKIN SERVICES OF CALIFORNIA, INC.
11   (erroneously sued as "Orkin Exterminating Company, Inc.")

*(Filing stamp, right margin:)* BY _____ CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA — 2011 JUL -8 AM 10: 44 — FILED

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ISRAEL SALAZAR, Individually and on Behalf of Others Members of the Public Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>ORKIN EXTERMINATING COMPANY, INC., and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO. SACV11-1014 JST(ANx)<br>[Removed from State Court, Case No. 30-2011-00470880-CU-OE-CXC)]<br><br>**NOTICE OF REMOVAL UNDER CLASS ACTION FAIRNESS ACT**<br><br>Action Filed:  April 27, 2011 |

TO THE CLERK OF THE ABOVE ENTITLED COURT AND PLAINTIFF

ISRAEL SALAZAR AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Orkin Services of California, Inc. (erroneously sued as "Orkin Exterminating Company, Inc.") ("Defendant" or "Orkin") hereby removes the below referenced action from the Superior Court for the State of California, County of Orange, to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. §§ 1332(d) (the "Class Action Fairness Act"), 1441(b) and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which was enacted on February 18, 2005. *See 28* U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2.     On or about April 27, 2011, Plaintiff Israel Salazar ("Plaintiff") filed a Class Action Complaint in the Superior Court for the State of California, County of Orange captioned *ISRAEL SALAZAR, Individually and on Behalf of Others Members of the Public Similarly Situated, v. ORKIN EXTERMINATING COMPANY, INC., and DOES 1- 10, Inclusive,* Case No. 30-2011-00470880-CU-OE-CXC (hereinafter, the "Complaint"). The Complaint was served on Defendant no earlier than June 9, 2011. Plaintiff alleges he was formerly employed by the Defendants as a "Pest Control Employee" in the State of California. (Compl., ¶ 16 - 17.) He further alleges the Defendants failed to pay him overtime wages,

2

failed to provide meal periods, failed to provide rest periods, deducted wages and failed to pay all wages due upon discharge. (Compl. ¶ 15, subd. (f).) Plaintiff accordingly seeks to represent a class, and a subclass. The class consists of all current and former Pest Control Technicians who are similarly situated to Plaintiff. The sub class consists of all Pest Control Technicians who no longer work for Defendant and were not paid all wages owed upon discharge. (Compl. ¶ 14.)

3.    Plaintiff's Complaint purports to assert six (6) causes of action: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) violation of California Labor Code §§ 221, 224, 400 - 410; (5) failure to timely pay wages; (6) unfair competition.

4.    On June 9, 2011, Plaintiff caused to be served on defendant Orkin a copy of the Complaint, Summons and related documents. A true and correct copy of the Complaint, Summons and related documents served on defendant Orkin is attached hereto as **Exhibit "A."**

5.    No further pleadings have been filed and no further proceedings related thereto have been heard in the Superior Court.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6.    Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2),[1] as amended, provides in pertinent part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ...

_____

[1] While there are a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5), none of these exceptions are applicable to the instant action.

**NOTICE OF REMOVAL TO FEDERAL COURT**
SanDiego 72154.1

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

7.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446.

## PURPORTED CLASS ACTION UNDER STATE LAW

8.    This action has been styled as a class action.  (Compl., at page 1; ¶ 1.)

## CITIZENSHIP

### A.    Plaintiff's Citizenship

9.    Plaintiff admits he is a resident of the State of California. (Compl. ¶ 6.)  Plaintiff further alleges he was employed by Orkin in the State of California at all times relevant hereto. (Compl. ¶¶ 15 (f), 16, 17, 20 and 21.)   Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  An existing domicile is presumed to continue.  *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 288 (3rd Cir. 2006).  Therefore, "domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. United States,* 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1875).  Plaintiff worked in California, resided in California, and continues to reside in California. (Compl. ¶¶ 6, 15 (f), 16, 17, 20 and 21.)  He is therefore a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).  Moreover, the putative class purports to include current employees located in California as well. (Compl., ¶ 14.)

### B.    Defendant's Citizenship

10.    A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

1   business." 28 U.S.C. § 1332(c)(1).   Defendant was at the time of the filing of this

2   action and continues to be a corporation organized under the laws of Delaware.

3   (Declaration of Jefferson B. Blandford ("Blandford Decl."), ¶ 2.)

4       11.   As the Supreme Court recently explained, a corporation's principal

5   place of business is "the place where a corporation's officers direct, control, and

6   coordinate the corporation's activities.   It is the place that Courts of Appeals have

7   called the corporation's 'nerve center.'" *Hertz Corp. v. Friend,* 130 S. Ct. 1181,

8   1190-1192 (2010) (*Hertz Corp*).   All of Defendant's officers, including its

9   Chairman of the Board of Directors, its Chief Executive Officer, President, Chief

10  Operating Officer, Secretary and Treasurer are located in and at all times relevant

11  to this action have been located in Atlanta, Georgia. (Blandford Decl., ¶ 3.)  All

12  decisions about Defendant's business, operations and investments are made from

13  its headquarters in Atlanta, Georgia. (Blandford Decl., ¶ 3.)   All of its critical

14  administrative personnel, such as Legal, Accounting, Finance, Payroll, Human

15  Resources and Research and Development are located in Georgia. (Blandford

16  Decl., ¶ 3.)  Orkin's principal place of business is therefore in Georgia, and Orkin

17  is a citizen of Delaware and Georgia.

18      12.   Defendants Does 1 through 10, inclusive, are fictitious.   The

19  Complaint does not set forth the identity or status of any said fictitious

20  defendants, nor does it set forth any charging allegation against any fictitious

21  defendants.  Pursuant to Section 1441, the citizenship of defendants sued under

22  fictitious names must be disregarded for the purpose of determining diversity

23  jurisdiction and cannot destroy the diversity of citizenship between the parties in

24  this action. 28 U.S.C. § 1441(a); *see also Newcombe v. Adolf Coors Co.,* 157 F.3d

25  686, 690-91 (9th Cir. 1998).

26      13.   Accordingly, Plaintiff is a citizen of a state different from Orkin.

27  ///

28  ///

## AMOUNT IN CONTROVERSY

14.   Plaintiff's Complaint does not specify the amount in controversy. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff, however, does not deprive this Court of jurisdiction. *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *White v. J. C. Penney Life Ins. Co.,* 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim.").

15.   Plaintiff attempts to circumvent CAFA by alleging that the "aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005." (Compl., ¶ 4.)   However, Plaintiff does not support this proposition with any factual allegations about the amount in controversy.   In fact, Plaintiff articulates no basis for evaluating whether the allegations he has made and the action he has initiated do or do not embrace the jurisdictional thresholds set by CAFA.

16.   Plaintiff's attempt to plead around CAFA does not deprive this court of jurisdiction under CAFA.   Notwithstanding Plaintiff's failure to specify the total amount of monetary relief claimed, and notwithstanding Plaintiff's attempt to plead around CAFA, the Class Action Fairness Act authorizes the removal of class actions in which, among other factors mentioned above, the aggregated amount in controversy for all potential class members exceeds five million dollars ($5,000,000).   *See* 28 U.S.C. § 1332(d); *Muniz v. Pilot Travel Centers LLC*, No. CIV 5-07-0325 FCD EFB, 2007 WL 1302504, *1 (E.D. Cal. May 1, 2007) (finding removal of action substantially similar to instant action proper under CAFA); *Lowdermilk v. U.S. Bank Nat'l Assn.,* 479 F.3d 994 (9th Cir. 2007) (holding that a defendant may remove a case under CAFA by establishing to a

1  legal certainty that damages exceed $5,000,000.00, notwithstanding the plaintiff
2  pleading in the complaint damages below the $5,000,000.00 threshold).   While
3  Orkin denies Plaintiff's claims of wrongdoing and denies his requests for
4  relief thereon, the facial allegations in Plaintiff's Complaint and the total
5  amount of wages, penalties, attorneys' fees, and other monetary relief at
6  issue in this action is in excess of this Court's jurisdictional minimum, *Saulic*,
7  2007 WL 5074883, *7-9 (considering facts presented in notice of removal,
8  including defendant's declarations, along with plaintiff's allegations in finding
9  jurisdictional limits satisfied under CAFA); *Luckett v. Delta Airlines, Inc.,* 171
10 F.3d 295, 298 (5th Cir. 1999) (same).  Plaintiff's allegations place the amount in
11 dispute as in excess of $5,000,000.00, without even considering all of Plaintiff's
12 allegations or all of the amounts of damages.

13    17.    To begin with, Plaintiff alleges he and the putative class members
14 "frequently worked over 12 hours in a single day, but were not paid premium
15 double time wages for that work, as required under California law." (Compl., ¶
16 21 (emphasis provided).)  Plaintiff accordingly asserts claims for himself and the
17 putative class for (1) failure to pay overtime wages; (2) failure to pay wages
18 due upon termination under Labor Code § 203; and (3) failure to timely pay
19 wages. (Compl., ¶¶ 28-36; 52 – 57.)  Plaintiff also asserts claims for unpaid meal
20 premiums (Compl., ¶¶ 24; 37 – 41) and unpaid rest break premiums. (Compl., ¶¶
21 24; 42 – 45.)  These allegations establish that the amount in controversy exceeds
22 $5,000,000, in light of the number of employees Plaintiff purports to represent.

23    **(a)    (1) Unpaid Overtime.**   Plaintiff seeks, on behalf of the putative
24 class members and himself, unpaid overtime.  Plaintiff fails to allege the exact
25 amount of overtime he worked, but alleges that he and the other putative class
26 members "frequently worked over twelve (12) hours in a single day." (Compl., ¶
27 21 (emphasis provided).)  The statute of limitations for unpaid overtime is three
28 years. Cal. Civ. Proc. Code § 338(a); *Arechiga v. Dolores Press, Inc.* (2011) 192

Cal.App.4[th] 567, 570, fn 2.  Plaintiff, however, brings a cause of action for unfair competition under California Business & Professions Code section 17200 et seq. As Plaintiff correctly states, a claim for unfair competition expands the statute of limitations to four years, and allows plaintiffs to recover up to four years worth of unpaid wages. California Business & Professions Code section 17208; Compl., ¶ 61.  Therefore, Plaintiff seeks four years worth of unpaid overtime wages on behalf of himself and the class.

(2)  Plaintiff alleges he was a pest control technician, and that his duties involved "driving to client locations to apply chemicals to exterminate various pests and maintain a pest-free environment." Compl., ¶ 17.

(3)  Tamera Roberson is a System Administrator of Rollins, Inc. Orkin is a wholly owned subsidiary of Rollins, Inc. (Blandord Decl., ¶¶ 2 – 3).  In her capacity as a System Administrator, Ms. Roberson has regular access to and can retrieve data and information, specifically including payroll and human resources data for both Rollins and Orkin employees through a software system called JDEdwards. (Declaration of Tamera Roberson, "Roberson Decl."), ¶¶ 2 – 6.)   Ms. Roberson regularly runs and creates reports using the JDEdwards system about employees of both Orkin and Rollins. (Roberson Decl., ¶¶ 2 – 6.)

(4)  Ms. Roberson ran a report that extracted data for all California Pest Control Technicians who worked for Orkin at any time from April 27, 2007 to the present.   The report is exported into Excel format, which allows Ms. Roberson to apply formulas, such as averaging formulas, to the data. (Roberson Decl., ¶¶ 9-11.)

(5)  Ms. Roberson's report indicates that Orkin employed **916** individuals in California as Pest Control Technicians from April 2007 to the present. (Roberson Decl., ¶ 14.)  The report lists each employee's date of hire, date of termination (if applicable), and their hourly rate.

NOTICE OF REMOVAL TO FEDERAL COURT

SanDiego 72154.1

(6) <u>Hourly rate</u>.  Ms. Roberson averaged the hourly rate provided to each employee by using the "average" formula in Excel.  The data indicates that the average hourly rate for all putative class members from April 27, 2007 through the present is **$11.57** per hour. (Roberson Decl., ¶14.)  This figure does not include any possible overtime, commissions or bonuses. (Roberson Decl., ¶14.)

(7) <u>Number of Pay Periods.</u>  Using each Pest Control Technicians' hire and termination dates, the number of pay periods worked by each Technician in the Class Period by can be determined by calculating the number of days between the date of termination and the employee's last date of hire.  Where the employee's date of hire preceded April 27, 2007, Ms. Roberson calculated the time they were employed between only April 27, 2007 through their termination date (or the present for current employees). (Roberson Decl., ¶14.)  For instance, if a Pest Control Technician started on June 3, 2006, and separated on August 19, 2010, Ms. Roberson measured that Technician's employment from only April 27, 2007 through August 19, 2010 for purposes of calculating the number of pay periods in the Class Period. (Roberson Decl., ¶14.)  Orkin employees are paid on a semi-monthly basis. (Roberson Decl., ¶12.)  Ms. Roberson was also able to determine the number of pay periods by each employee in the putative class period by determining the number of days between the date of termination and the date of hire, and dividing by 15. (Roberson Decl., ¶14.) Under a semi-monthly payroll system, the average pay period is actually 15.208 days.  Therefore assuming a 15-day pay period is conservative.   Moreover, Ms. Roberson has assumed that each employee worked only 10 days in any given 15 day pay-period. (Roberson Decl., ¶14.)  In any case, Ms. Roberson's report concludes that the 916 putative class members, over a four-year period, worked a total of **46,261.8** pay periods. (Roberson Decl., ¶14.)

**NOTICE OF REMOVAL TO FEDERAL COURT**
SanDiego 72154.1

1       (8) <u>The amount of overtime allegedly worked.</u> Plaintiff fails to

2   allege the amount of overtime he worked, but alleges that he and the other

3   putative class members "<u>frequently</u> worked <u>over</u> twelve (12) hours in a single

4   day." (Compl., ¶ 21 (emphasis provided).)   Notably, where a plaintiff merely

5   alleges having "worked in excess of eight (8) hours in a day," an assumption of

6   one hour of overtime is reasonable. *Jimenez v. Allstate Ins. Co.*, No. CV 10-8486

7   AHM (FFMx), 2011 WL 65764, at *2-3 (C.D. Cal. Jan. 7, 2011).   In contrast,

8   Plaintiff does not merely allege working "more" than 8 hours; to the contrary,

9   Plaintiff alleges he "frequently" worked "over" *twelve* hours per day (and would

10  therefore be entitled to double time).   Out of an abundance of caution, it seems

11  reasonable and conservative to assume Plaintiff worked <u>at least 11 hours</u> (or three

12  overtime hours per day).

13      (9) Assuming Plaintiff worked three hours of overtime per day

14  amounts to approximately 15 hours of overtime per week or 30 hours of overtime

15  per pay period.   Overtime is paid at time and a half of the regular hourly rate.

16  Thus, using an average hourly rate of $11.57 per hour, the overtime rate would be

17  $11.57 per hour x 1.5 = $17.35 per hour.   At $17.35 x 30 hours of overtime per

18  pay period x 46,261 pay periods, Plaintiff seeks a total of **$24,085,789.65.**   Even

19  assuming *arguendo* that Plaintiff and class members are owed the *statutory*

20  *minimum* for hourly overtime wages of $12 per hour, Plaintiff and his class

21  members seek total unpaid wages of $12.00 of overtime x 30 hours per pay

22  period x 46,261 pay periods = **$16,653,960.00**.

23      (10) Even more conservative calculations confirm that Plaintiff

24  seeks enormous sums of money through this action.   For instance, Plaintiff

25  specifically alleges Orkin automatically deducted his pay for meal periods he

26  never took. (Compl., ¶¶ 32, 40, 48 - 51.)   In other words, at the very least,

27  Plaintiff appears to allege he should be entitled to *at least* 30 minutes of hourly

28  overtime simply for the 30 minutes worth of time that was automatically

**NOTICE OF REMOVAL TO FEDERAL COURT**

SanDiego 72154.1

deducted from his pay. (Compl., ¶¶ 32, 40, 48 - 51.)  Therefore assuming just 2.5 overtime hours per week (30 minutes x 5 days per week), or 5 overtime hours per pay period, Plaintiff is still seeking $17.35 x 5 hours x 46,261 = **$4,013,141.75**. And this calculation includes *only* the lost overtime from alleged automatic deductions for missed meal periods, does not include any other overtime, and does not include the double time Plaintiff seeks for "frequently" working more than 12 hours per day. (Roberson Decl., ¶14.)

    **(b)**    (1) <u>**Waiting Time Penalties.**</u>  Plaintiff alleges Defendant also failed to pay employees' final wages upon termination, and that it therefore owes waiting time penalties under Labor Code section 203. (Compl., ¶ 55.)   As Plaintiff points out, section 203 permits a terminated employee to collect up to 30 days' wages if wages are not paid in full. Cal. Labor Code § 203; Compl., ¶ 54. Section 203 carries a three year statute of limitations. *See Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1102 (2007).   Accordingly, the purported class period for Plaintiff's waiting time penalties claim runs from April 27, 2008 (three years prior to the date on which the complaint was filed), to the present.

        (2)   Ms. Roberson's report concludes that at least **334** putative class members were separated from their employment with Orkin from April 27, 2008 through June 7, 2011. (Roberson Decl., ¶16.)  The average hourly wage earned by the terminated employees in that time period was **$11.58** per hour (which does not include the unspecified overtime Plaintiff alleges he and the putative class members worked).  While Plaintiff alleges he "frequently" worked more than 12 hours per day, Orkin is willing to assume each employee worked only *8* hours per day.  Assuming just 8 hours per day, the separated employees average daily wage **$92.64** per day.  Each employee would be entitled to 30 days' worth of wages, which would equate to $2,779.20 per employee. (Roberson Decl., ¶ 17.)  This amount, multiplied by 334 employees, equates to <u>**$928,252.80**</u>

11

1  in waiting time penalties allegedly owed.  Notably, assuming the 334 employees

2  worked just 11 hours per day (still below Plaintiff's assertion that he and the class

3  members "frequently" worked <u>more</u> than 12 hours per day) would put at issue

4  **$1,450,395**.

5       (c)  <u>Meal Periods.</u>  Plaintiff alleges he and the putative class members

6  were not provided meal periods in violation of California Labor Code section

7  226.7. (Compl. ¶¶ 38 - 40.)  Claims for failure to provide a meal period are

8  subject to a three year statute of limitations. *See Murphy v. Kenneth Cole*

9  *Productions, Inc.*, 40 Cal. 4th 1094, 1099, 1100 (2007).  Plaintiff therefore seeks

10  on behalf of the putative class one hour of premium pay for each day worked,

11  dating back to the three year period prior to the complaint being filed.  The

12  average hourly rate for Plaintiff and the putative class members is **$11.61** per

13  hour during the three year period prior to the complaint being filed. (Roberson

14  Decl., ¶18.)  In that same three-year period, Ms. Roberson's report concludes that

15  **786** employees worked at least **34,876** pay periods. (Roberson Decl., ¶18.)

16  Assuming just 10 work days per 15-day pay period, Plaintiff has put at issue

17  **$4,049,103.60** (10 days per pay period x 34,876 pay periods worked by all

18  employees in a three-year period x $11.61= **$4,049,103.60**). (Roberson Decl.,

19  ¶18.)

20       (d)  <u>Rest breaks.</u>  Plaintiff alleges he and the putative class members are

21  entitled to collect one hour of premium pay for each day worked because they

22  were not provided rest breaks. (Compl. ¶¶ 42 - 45.)  Claims for failure to provide

23  a rest break are subject to a three-year statute of limitations. *See Murphy v.*

24  *Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1099, 1100 (2007).  Plaintiff

25  therefore seeks on behalf of the putative class one hour of premium pay for each

26  day worked, dating back to the three year period prior to the complaint being

27  filed.  The average hourly rate for Plaintiff and the putative class members is

28  **$11.61** per hour during the three year period prior to the complaint being filed.

**NOTICE OF REMOVAL TO FEDERAL COURT**

(Roberson Decl., ¶ 19.)  In that same three-year period, Ms. Roberson's report concludes that **786** employees worked at least **34,876** pay periods.  Assuming just 10 work days per 15-day pay period, Plaintiff has put at issue **$4,049,103.60** (10 days per pay period x 34,876 pay periods worked by all employees in a three-year period x $11.61 = **$4,049,103.60**). (Roberson Decl., ¶ 19.)

(f)   Considering only the most *conservative* valuations, Plaintiff's claims easily exceed the $5,000,000 threshold.  For instance, focusing only on Plaintiff's allegation that he was not paid overtime as a result of automatic deductions for meal periods, Plaintiff has placed $4,013,141.75 in controversy.  Plaintiff's meal period and rest period claims are worth more than $4,049,103 *each*.  Also, Plaintiff seeks waiting time penalties of at least $928,000.00.  Without including attorneys' fees, Plaintiff has put about **$13,039,347.00** at issue.

(g)   <u>Attorneys' Fees.</u> Plaintiff also seeks reasonable attorneys' fees in his Complaint.  (Compl. ¶¶ 36, 63, Prayer, First Cause of Action ¶ 3, Prayer, Second Cause of Action, ¶ 4.)  It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).   In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement and, thus, in this case, potentially in excess of $3,259,836 ($13,039,347.00  x 25%)[2] for a total of **$16,299,183.00**.  Again,

_____

[2] *See Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million).

**NOTICE OF REMOVAL TO FEDERAL COURT**
SanDiego 72154.1

1   these numbers are premised on the most conservative and modest assumptions.

2   Plaintiff's overtime claim alone could actually exceed $24,000,000.00.

3          (h)    Based on the foregoing, under the Class Action Fairness Act,

4   Plaintiff's claims for damages, penalties, attorneys' fees and other monetary

5   relief far exceed the $5 million jurisdictional limit of this Court, as required by 28

6   U.S.C. § 1332, subd. (d).

7          16.    The amount in controversy based on the facial allegations of

8   Plaintiff's Complaint is, to a legal certainty, greater than the jurisdictional

9   amount of $5 million required by CAFA.

10         17.    As a result, although Orkin denies Plaintiff's claims of wrongdoing,

11  denies that a class can be certified and denies the requests for relief, based upon

12  the facial allegations in Plaintiff's Complaint and assuming *arguendo* Plaintiff

13  was able to prove these allegations, the total amount of monetary relief sought by

14  Plaintiff and the proposed putative other class members is in excess of $5

15  million, exclusive of interest and costs.   Therefore, removal of this action is

16  appropriate.

17                      **TIMELINESS OF REMOVAL**

18         18.    This Notice of Removal is timely in that it has been filed within

19  thirty (30) days of Orkin's first notice of the Complaint on June 9, 2011.

20         19.    The Class Action Fairness Act applies to actions that were

21  "commenced" on or after February 18, 2005.   Because this action was filed on

22  April 27, 2011, it was "commenced" after February 18, 2005, as required by

23  CAFA.   Therefore, removal is proper under CAFA.

24                      **NOTICE TO PLAINTIFF**

25         20.    Contemporaneously with the filing of this Notice of Removal in the

26  United States District Court for the Central District of California, Southern

27  Division, written notice of such filing will be served on Plaintiff's counsel of

28  record at, Rex Sofonio of Sofonio & Associates, APLC.   In addition, a copy of

1  this Notice of Removal will be filed with the Clerk of the Court for Superior
2  Court for the State of California, County of Orange.

3      21.    A notice to all adverse parties has been filed in the Superior Court
4  for the State of California, County of Orange, a true and correct copy of which
5  (without exhibits, which would consist of this Notice and its own exhibits) is
6  attached hereto as Exhibit "B".  A notice of removal to the Superior Court for the
7  State of California, County of Orange has also been filed in that court, a true and
8  correct copy of which (without exhibits) is attached hereto as Exhibit "C".

9      23.    WHEREFORE, having provided notice as required by law, the
10 above-entitled action should be removed from the Superior Court for the State of
11 California, County of Orange.

12                                          FISHER & PHILLIPS LLP

13

14 DATED:  July 8, 2011              By:  _____
15                                          JOHN E. LATTIN, IV
                                            CHRISTOPHER C. HOFFMAN
16                                          JAMES C. FESSENDEN
17                                          Attorneys for Defendant
                                            ORKIN SERVICES OF
18                                          CALIFORNIA, INC.

19

20

21

22

23

24

25

26

27

28

15
**NOTICE OF REMOVAL TO FEDERAL COURT**

| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA | COURT USE ONLY |
|---|---|

TITLE OF CASE (ABBREVIATED)
*Salazar v. Orkin Exterminating Company, Inc.*

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS)   TELEPHONE NO.:
JOHN E. LATTIN (SBN 167876)
CHRISTOPHER C. HOFFMAN (SBN 176334)
JAMES C. FESSENDEN (SBN 167876)          Tel. (858) 597-9600
Email: jlattin@laborlawyers.com          Fax: (858 ) 597-9601
Email: choffman@laborlawyers.com
Email: mwinter@laborlawyers.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, CA 92121

ATTORNEYS FOR:   HEARING DATE – TIME   CASE NUMBER:
DEFENDANT ORKIN SERVICES
CALIFORNIA, INC.

## PROOF OF SERVICE - DECLARATION OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My residence or business address is: 4747 Executive Drive, Suite 1000, San Diego, CA 92121

On July 8, 2011: I served the following documents (specify):

1. CIVIL COVER SHEET;

2. CERTIFICATION OF INTERESTED PARTIES IN SUPPORT OF NOTICE OF REMOVAL UNDER CLASS ACTION FAIRNESS ACT;

3. NOTICE OF REMOVAL UNDER CLASS ACTION FAIRNESS ACT;

4. DECLARATION OF JAMES C. FESSENDEN IN SUPPORT OF NOTICE OF REMOVAL UNDER CLASS ACTION FAIRNESS ACT;

5. DECLARATION OF JEFFERSON BLANDFORD IN SUPPORT OF NOTICE OF REMOVAL UNDER CLASS ACTION FAIRNESS ACT;

6. DECLARATION OF TAMERA ROBERSON IN SUPPORT OF NOTICE OF REMOVAL UNDER CLASS ACTION FAIRNESS ACT

☐ The documents are listed in the Attachment to Proof of Service.

I served the documents on the **person or persons** below, as follows:

Rex Sofino (SBN 190671)
SOFINO & ASSOCIATES
2030 Main Street, Suite 1300
Irvine, CA 92614
Tel: (949) 260-9191
Fax: (949) 260-9192

*Counsel for Plaintiff Israel Salazar*

☐          **By ELECTRONIC SUBMISSION.** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients **via electronic transmission through the CM/ECF system on the Court's website**. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐          **Additional parties' counsel who are not registered CM/ECF user according to the court's NEF, were served via the following means:**

☐          **By personal service.** I personally delivered copies to the person served.

☐          **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine used. A copy of the record of transmission is attached.

PROOF OF SERVICE – DECLARATION OF SERVICE

Salazar v. Orkin Exterminating Company
Case No.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I am readily familiar with this business practice for collection and processing envelopes and packages for overnight delivery. On the same day that envelope or package is placed for collection and delivery, it is deposited in the ordinary course of business with and overnight delivery service, in a sealed envelope or package.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed July 8, 2011, at San Diego California

Lori Cutrell

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
ORKIN EXTERMINATING COMPANY, INC.,
and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ISRAEL SALAZAR, individually and on behalf of other
members of the Public Similarly Situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/06/2011** at 12:11:00 PM
Clerk of the Superior Court
By James M Haines,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>751 West Santa Ana Blvd<br>Santa Ana, CA 92701 | **CASE NUMBER:** *(Número del Caso):*<br>30-2011-00470880-CU-OE-CXC<br><br>Hon. Gail A. Andler<br>Department CX-102 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante*
Rex Sofonio, Esq.        Sofonio & Associates
2030 Main Street, Suite 1300        (949) 260-9191
Irvine, CA 92614-7220

30-2011-00470880-CU-OE-CXC
Judge Gail A Andler

DATE: 5/6/2011    Alan Carlson, Clerk of th    Clerk, by    James M Haines    , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served** James M Haines
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ORKIN EXTERMINATING COMPANY, INC.
   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS

Israel Salazar

Apr 27 2011  4:08PM   Kustom Deluxe Printing      (562) 434-4022        p.4

**FILED**
SUPERIOR COURT OF CALIFORNIA.
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 27 2011

ALAN CARLSON, Clerk of the Court
BY R. LUCEY

325.00
550.00

SOFONIO & ASSOCIATES, APLC
Rex Sofonio (SBN 190671)
2030 Main Street, Suite 1300
Irvine, California 92614
Telephone: (949) 260-9191
Facsimile: (949) 260-9192
rex@sofoniolaw.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CIVIL COMPLEX CENTER **30-2011**

ISRAEL SALAZAR, Individually and on
Behalf of Other Members of the Public
Similarly Situated,

      Plaintiff,

  v.

ORKIN EXTERMINATING COMPANY,
INC., and DOES 1-10, inclusive,

      Defendants.

Case No.    **00470880**

**CLASS ACTION PURSUANT TO
CALIFORNIA CODE OF CIVIL
PROCEDURE §382**

**COMPLAINT FOR:**

**(1) FAILURE TO PAY OVERTIME WAGES;**

**(2) FAILURE TO PROVIDE MEAL PERIODS;**

**(3) FAILURE TO PROVIDE REST PERIODS;**

**(4) VIOLATION OF CALIFORNIA LABOR CODE §§221, 224, 400-410;**

**(5) FAILURE TO TIMELY PAY WAGES;**

**(6) UNFAIR COMPETITION.**

**DEMAND FOR JURY TRIAL**

**JUDGE GAIL A. ANDLER
DEPT. CX102**

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

    COMES NOW plaintiff Israel Salazar ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendant Orkin Exterminating Company, Inc. ("Orkin"), and Does 1-10, inclusive (collectively "Defendants") as follows:

    **JURISDICTION AND VENUE**

    1.    This class action is brought pursuant to California Code of Civil Procedure

class action complaint for damages

4

§382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not give jurisdiction to any other court.

3.      This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

4.      The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

5.      Venue is proper in this Court because upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and the acts or omissions alleged herein took place in this County.

**PARTIES**

6.      Plaintiff is, and at all times mentioned in this complaint was, a resident of California.

7.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California. On

- 2 -

class action complaint for damages

1   information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did

2   and continue to transact business throughout California.

3        8.      Whenever in this complaint reference is made to any act, deed, or conduct

4   of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or

5   through one or more of its officers, directors, agents, employees, or representatives, who was

6   actively engaged in the management, direction, control, or transaction of the ordinary business

7   and affairs of Defendants.

8        9.      Plaintiff is ignorant of the true names and capacities, whether individual,

9   corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive

10   and therefore sues said Defendants (the "Doe Defendants") by such fictitious names. Plaintiff

11   will amend this complaint to insert the true names and capacities of the Doe Defendants at such

12   time as the identities of the Doe Defendants have been ascertained.

13        10.      Plaintiff is informed and believes, and thereon alleges, that the Doe

14   Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each

15   other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged

16   directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and

17   accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable

18   to the extent of the liability of the Defendants as alleged herein.

19        11.      Plaintiff is further informed and believes, and thereon alleges, that at

20   all times herein material, each Defendant was completely dominated and controlled by its co-

21   Defendants and each was the alter ego of the other. Whenever and wherever reference is made

22   in this complaint to any conduct by Defendant or Defendants, such allegations and references

23   shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly,

24   and severally. Whenever and wherever reference is made to individuals who are not named as

25   Defendants in this complaint, but were employees and/or agents of Defendants, such individuals,

26   at all relevant times acted on behalf of Defendants named in this complaint within the scope of

27   their respective employments.

28

- 3 -

class action complaint for damages

6

## CLASS ACTION ALLEGATIONS

1

2        12.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all

3  other persons similarly situated, and thus, seeks class certification under California Code of Civil

4  Procedure §382.

5        13.    All claims alleged herein arise under California law for which Plaintiff

6  seeks relief as authorized by California law.

7        14.    The proposed class is comprised of and defined as:

8

9  Any and all persons who are or were employed as Pest Control Employees or
equivalent positions, however titled, by Defendants in the state of California

10  within four (4) years prior to the filing of the complaint in this action until
resolution of this lawsuit (hereinafter collectively referred to as the "Class"

11  or "Class Members").

12  Plaintiff's proposed subclass is comprised of and defined as:

13  All Class members whose employment was terminated at any time within three
(3) years prior to the filing of the complaint in this action until resolution of this

14  lawsuit (hereinafter collectively referred to as the "Waiting Time Subclass" or
the "Subclass").

15        15.    There is a well defined community of interest in this litigation and the

16  members of the Class and Subclass are easily ascertainable as set forth below:

17        a.    Numerosity: The members of the Class and Subclass are so numerous that

18  joinder of all members of the Class and Subclass would be unfeasible and impractical.   The

19  membership of the entire Class and Subclass is unknown to Plaintiff at this time, however, the

20  Class is estimated to be greater than one hundred (100) individuals, and the Waiting Time

21  Subclass is estimated to be greater than fifty (50) individuals, and the identity of such

22  membership is readily ascertainable by inspection of Defendants' employment records.

23        b.    Typicality: Plaintiff is qualified to, and will fairly and adequately protect

24  the interests of each member of the Class and Subclass with whom she has a well defined

25  community of interest.  Plaintiff's claims herein alleged are typical of those claims which could

26  be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the

27  relief which would be sought by each member of the Class and/or Subclass in separate actions.

28

- 4 -

class action complaint for damages

7

1   All members of the Class and/or Subclass have been similarly harmed by being denied wages,
2   including overtime wages, due to Defendants' policies and practices that affected each member of
3   the Class and/or Subclass similarly.  Further, Defendants benefited from the same type of unfair
4   and/or wrongful acts as to each member of the Class and/or Subclass.

5        c.     Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect
6   the interests of each member of the Class and/or Subclass with whom he has a well defined
7   community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges
8   that he has an obligation to make known to the Court any relationships, conflicts, or differences
9   with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed counsel for
10  the Class and Subclass are versed in the rules governing class action discovery, certification,
11  litigation, and settlement and experienced in handling such matters.  Other former and current
12  employees of Defendants may also serve as representatives of the Class and Subclass if needed.

13       d.     Superiority:  The nature of this action makes the use of class action
14  adjudication superior to other methods.  A class action will achieve economies of time, effort,
15  judicial resources, and expense compared to separate lawsuits.  The prosecution of separate
16  actions by individual members of the Class and/or Subclass would create a risk of inconsistent
17  and/or varying adjudications with respect to the individual members of the Class and/or Subclass,
18  establishing incompatible standards of conduct for the Defendants, and resulting in the
19  impairment of the rights of the members of the Class and/or Subclass and the disposition of their
20  interests through actions to which they were not parties.

21       e.     Public Policy Considerations:  Employers in the state of California violate
22  employment and labor laws everyday.  Current employees are often afraid to assert their rights
23  out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions
24  because they believe their former employers may damage their future endeavors through negative
25  references and/or other means. The nature of this action allows for the protection of current and
26  former employees' rights without fear or retaliation or damage.

27
28

          - 5 -

          class action complaint for damages

f.    Commonality: There are common questions of law and fact as to the Class and Subclass that predominate over questions affecting only individual members including, but not limited to:

1.    Whether Defendants failed to pay premium overtime compensation to Plaintiff and Class Members for hours Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week, and double time wages for work over twelve (12) hours in a day;

2.    Whether Defendants' failure to pay premium overtime compensation, without abatement or reduction, in accordance with the California Labor Code ("Labor Code") was willful;

3.    Whether Defendants' failed to include commissions in the regular rate of pay for overtime calculation purposes;

4.    Whether Defendants failed to pay wages in accordance with the timing requirements of Labor Code §203;

5.    Whether Defendants failed to pay Plaintiff and members of the Waiting Time Subclass all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ;

6.    Whether Defendants failed to provide meal periods and rest breaks in accordance with Labor Code §512 and the applicable Industrial Welfare Commission ("IWC") wage order;

7.    Whether Defendants failed to record meal periods in accordance with the applicable IWC wage order;

8.    Whether Defendants failed to reimburse Plaintiff and Class Members for all necessary business expenses;

9.    Whether Defendant made unlawful deductions without written authorization;

10.    Whether Defendants' conduct was willful and/or reckless;

- 6 -

class action complaint for damages

9

11. Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§17200, et seq.; and

12. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## FACTUAL ALLEGATIONS

16. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of Pest Control Employees or equivalent positions with similar job duties, however titled, throughout the state of California.

17. Defendants employed Plaintiff as a "Pest Control Employee" through May 1, 2008. In that capacity, Plaintiff's duties included driving to client locations to apply chemicals to exterminate various pests and maintain a pest free environment.

18. Defendants continue to employ Pest Control Employee, or individuals in equivalent positions with similar job duties, however titled, throughout the state of California.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

20. During the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week, but were not paid premium overtime wages for all that work, as required under California law.

21. During the relevant time frame, Plaintiff and Class Members frequently worked over twelve (12) hours in a single day, but were not paid premium double time wages for that work, as required under California law.

22. During the relevant time frame, Plaintiff and Class Members performed duties that would not qualify them as exempt under the administrative, professional, executive, outside sales, or any other overtime exemption under California law.

23. During the relevant time frame, Defendants compensated Plaintiff and

-7-

1  Class Members based on both an hourly and commission basis that did not always account to

2  properly calculate overtime for all hours worked.

3      24.    During the relevant time frame, Plaintiff and Class Members were

4  systematically denied meal periods and rest breaks due to the demands of Defendants and

5  Defendants' clients. Nevertheless, Defendants never paid Plaintiff, and on information and

6  belief, never paid Class Members an extra hour of pay as required by California law where meal

7  periods and rest breaks were not provided. Defendants failed to track all hours worked or meal

8  period start/end times in violation of the applicable wage order.

9      25.    During the relevant time frame, Defendants took back previously paid and

10  earned wages through deductions for business losses (including losses due to account collection

11  issues) without written authorization.

12      26.    Plaintiff is informed and believes, and thereon alleges, that Defendants

13  know, should know, knew, and/or should have known that Plaintiff and the other Class Members

14  were entitled to receive premium wages for overtime compensation, double time compensation,

15  and premium wages under Labor Code §226.7 but were not receiving such compensation.

16      27.    Plaintiff is informed and believes, and thereon alleges, that at all

17  times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and

18  Class Members premium wages, and that Defendants had the financial ability to pay such

19  compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so, and

20  falsely represented to Plaintiff and Class Members that they were properly denied wages, all in

21  order to increase Defendants' profits.

22  <u>**CLASS ACTION CLAIMS**</u>

23  **FIRST CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME WAGES**

24  **By Plaintiff and Class Against All Defendants**

25      28.    Plaintiff repeats and incorporates herein by reference each and every

26  allegation set forth above, as though fully set forth herein.

27      29.    At all times relevant, the IWC wage orders applicable to Plaintiff's and

28

- 8 -

class action complaint for damages

Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

30.   Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

31.   At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

32.   At all times relevant, Defendants failed to pay overtime wages owed to Plaintiff and Class Members by unlawfully automatically deducting wages for meal periods not provided, and failing to correctly include the commissions into the regular rate of pay for overtime calculations purposes.

33.   At all times relevant, Plaintiff and Class Members regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the overtime requirements of the applicable IWC wage orders and the Labor Code.

34.   Defendants' failure to pay Plaintiff and Class Members the unpaid balance of premium overtime compensation violates the provisions of Labor Code §510 and §1198, and the applicable IWC wage orders and is therefore unlawful.

35.   Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the overtime wages owed.

36.   Pursuant to Labor Code §1194, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

- 9 -

class action complaint for damages

### SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS
#### By Plaintiff and Class Against All Defendants

37.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

38.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

39.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with meal periods and were not relieved of all duties during any meal periods Plaintiff and Class Members did take.

40.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their roles as Pest Control Employees, or equivalent positions with similar job duties, however titled, first and sometimes the second meal breaks of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants. In addition, Defendants failed to record meal

- 10 -

class action complaint for damages

1    periods for Plaintiff and Class Members in accordance with the applicable IWC wage order.

2    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been

3    damaged in an amount according to proof at time of trial.

4         41.       Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to

5    recover one (1) hour of premium pay for each day in which a meal period was not provided.

6          **THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE REST PERIODS**

7               **By Plaintiff and Class Against All Defendants**

8         42.       Plaintiff incorporates by reference and realleges each and every allegation

9    contained above, as though fully set forth herein.

10         43.       Pursuant to the IWC wage orders applicable to Plaintiff's and Class

11    Members' employment by Defendants, "Every employer shall authorize and permit all employees

12    to take rest periods, which insofar as practicable shall be in the middle of each work period....

13    [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten

14    (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest

15    period time shall be counted as hours worked, for which there shall be no deduction from wages."

16    Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any

17    rest period mandated by an applicable order of the IWC.  Defendants were required to authorize

18    and permit employees such as Plaintiff and Class Members to take rest periods, based upon the

19    total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction

20    thereof, with no deduction from wages.  Despite said requirements of the IWC wage orders

21    applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed

22    and refused to authorize and permit Plaintiff and Class Members, in their roles as Pest Control

23    Employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute

24    rest periods for every four (4) hours worked, or major fraction thereof.

25         44.       For the four (4) years preceding the filing of this lawsuit, Defendants failed

26    to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders

27    applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7.

28

- 11 -

class action complaint for damages

As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

45.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

**FOURTH CAUSE OF ACTION FOR UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 221, 224**

**By Plaintiff and Class Against All Defendants**

46.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

47.     Labor Code §221 provides that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Labor Code §221 prohibits an employer from taking back earned wages.

48.     Defendants collected portions of earned wages from Plaintiff and Class Members. These deductions were in violation of Labor Code §221.

49.     Defendants are liable to Plaintiff and the Class for wages Defendants deducted from Plaintiff's and Class Members' wages that had already been earned and/or paid in an amount according to proof at the time of trial.

50.     Plaintiff alleges that Defendants unlawfully made deductions from Plaintiff's and Class member's earned wages without written authorization and that those deductions unlawfully reduced Plaintiffs' and Class Members' standard wages in violation of Labor Code §224.

51.     Defendants are liable to Plaintiff and Class Members for the value of these unlawful deductions.

**FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**

**By Plaintiff, Class Members, and Waiting Time Subclass Against All Defendants**

52.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

- 12 -

class action complaint for damages

15

53.     California Labor Code §204 requires that wages earned be paid within certain timeframes, including:

> Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

During the relevant time frame, Defendants failed to pay Plaintiff and Class Members in accordance with the requirements of Labor Code §204 by issuing wage payments less frequently than ten days after the pay period end.

54.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

55.     During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and members of the Waiting Time Subclass their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ.  These wages include the premium wages that were improperly calculated and underpaid, the wages deducted for meal periods never provided, and the unlawfully deducted wages without written authorization, all due and owing within the time frame specified by Labor Code §§201-202.

56.     Defendants' willful failure to pay Plaintiff and Waiting Time Subclass Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

- 13 -

class action complaint for damages

57.     As a result, Defendants are liable to Plaintiff and members of the Waiting Time Subclass for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

### SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION

#### By Plaintiff and Class Against All Defendants

58.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

59.     Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

60.     Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

61.     A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and practice of failing to pay Plaintiff and Class Members overtime wages over the past four (4) years violates Labor Code §1198, §510, and §203.  Defendants' policy of failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided violates Labor Code §512, and §226.7.  Furthermore, Defendants made unlawful deductions from earned wages, without authorization, and to cover Defendants' own business losses, all in violation of Labor Code §221 and §224.

62.     Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

63.     Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by

- 14 -

class action complaint for damages

17

Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to Labor Code §218.5, and §1194, and California Code of Civil Procedure §1021.5; interest; and an award of costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

### Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class;

3.   That Plaintiff be appointed as the representative of the Subclass; and

4.   That counsel for Plaintiff be appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1.   For compensatory damages in an amount equal to the amount of unpaid overtime and double time compensation owed to Plaintiff and Class Members;

3.   For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3.   For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4.   For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1.   For one (1) hour of premium pay for each day in which a required meal period was not provided; and

2.   For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1.   For one (1) hour of premium pay for each day in which a required rest period was not provided; and

18

2.   For pre-judgment interest on any wages Defendants deducted from the day that such amounts were deducted according to proof;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court deems proper.

### On the Fifth Cause of Action

1.   For statutory penalties pursuant to Labor Code §203;

2.   For interest for wages untimely paid; and

3.   For such other and further relief as the Court deems proper.

### On the Sixth Cause of Action

1.   That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay overtime wages over the last four (4) years in an amount according to proof;

2.   That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.   For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.   For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §218.5, and §1194, and California Code of Civil Procedure §1021.5;

5.   For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code §218.5, and §1194; and

6.   For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: April 26, 2011

SOFONIO & ASSOCIATES, APLC

- 16 -

class action complaint for damages



By: _____

REX SOFONIO, ESQ.

Attorneys for Plaintiff ISRAEL SALAZAR
and for Members of the Class and Subclass

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 17 -

class action complaint for damages

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

## NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:               Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:          Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor–Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

and defendant(s)/respondent(s), _____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
              ☐ Under section 1141.11 of the Code of Civil Procedure
              ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____       _____    _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____       _____    _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                   California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 05/18/2011                    TIME: 02:37:00 PM        DEPT: CX102

JUDICIAL OFFICER PRESIDING: Gail A. Andler
CLERK: Mary White
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2011-00470880-CU-OE-CXC** CASE INIT.DATE: 04/27/2011
CASE TITLE: **Salazar vs. Orkin Exterminating Company, Inc**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 71236888
**EVENT TYPE**: Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

The Case Management Conference is scheduled for 06/28/2011 at 09:00 AM in Department CX102.

Plaintiff shall, at least 5 court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 308. Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

---

CASE TITLE: Salazar vs. Orkin Exterminating
Company, Inc

CASE NO: **30-2011-00470880-CU-OE-CXC**

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over age 18, and a copy
of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on
18-MAY- 2011, at Santa Ana, California. ALAN CARLSON /EXECUTIVE OFFICER & CLERK OF THE
SUPERIOR COURT, BY: M.WHITE deputy.

SOFONIO & ASSOCIATES
REX SOFONIO
2030 MAIN STREET, STE 1300
IRVINE, CA 92614

DATE: 05/18/2011                    MINUTE ORDER                         Page 2
DEPT: CX102                                                         Calendar No.

# EXHIBIT "B"

1   FISHER & PHILLIPS LLP
    John E. Lattin, IV (SBN 167876)
2   E-mail: jlattin@laborlawyers.com
    2050 Main Street, Suite 1000
3   Irvine, CA 92614
    Telephone:    (949) 851-2424
4   Facsimile:    (949) 851-0152

5   FISHER & PHILLIPS LLP
    Christopher C. Hoffman (SBN 176334)
6   E-mail: choffman@laborlawyers.com
    James C. Fessenden (SBN 238663)
7   E-mail: jfessenden@laborlawyers.com
    4747 Executive Drive, Suite 1000
8   San Diego, CA 92121-3095
    Telephone:    (858) 597-9600
9   Facsimile:    (858) 597-9601

10  Attorneys for Defendants

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          COUNTY OF ORANGE, CIVIL COMPLEX CENTER

14  ISRAEL SALAZAR, Individually and on        CASE NO. 30-2011-00470880-CU-OE-
    Behalf of Others Members of the Public     CXC
15  Similarly Situated,
                                               Assigned for all purposes to the
16                  Plaintiff,                 Honorable Gail A. Andler, Dept. CX102

17          v.                                 DEFENDANT'S NOTICE TO
                                               ADVERSE PARTIES OF REMOVAL
18  ORKIN EXTERMINATING COMPANY,
    INC., and DOES 1-10, inclusive,            Action Filed: April 27, 2011
19
20
21                  Defendants.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE THAT on July 8, 2011, Defendant Orkin Services of

3    California, Inc. (erroneously sued as "Orkin Exterminating Company, Inc.") filed a Notice of

4    Removal of this action from Superior Court of California, County of Orange to the United

5    States District Court for the Central District of California.   A true and correct copy of said

6    Notice of Removal is attached hereto as **Exhibit "1"**.

7

8                                                FISHER & PHILLIPS LLP

9    DATED:  January 20, 2011          By: _____

10                                           JOHN E. LATTIN, IV

11                                           CHRISTOPHER C. HOFFMAN
                                             JAMES C. FESSENDEN
12                                           Attorney for Defendant Orkin Services of
                                             California, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SanDiego 72658.1

| ORANGE COUNTY SUPERIOR COURT, STATE OF CALIFORNIA | COURT USE ONLY |
|---|---|

TITLE OF CASE (ABBREVIATED):
*Salazar v. Orkin Exterminating Company, Inc.*

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):
JOHN E. LATTIN (SBN 167876)
CHRISTOPHER C. HOFFMAN (SBN 176334)
JAMES C. FESSENDEN (SBN 167876)
Email: jlattin@laborlawyers.com
Email: choffman@laborlawyers.com
Email: jfessenden@laborlawyers.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, CA 92121

TELEPHONE NO.:
Tel. (858) 597-9600
Fax: (858 ) 597-9601

ATTORNEYS FOR:
Defendant ORKIN SERVICES OF
CALIFORNIA, INC.

HEARING DATE – TIME

CASE NUMBER:
30-2011-00470880

## PROOF OF SERVICE—CIVIL

Check method of service (only one):

☐ **By Personal Service**    ☒ **By Mail**    ☐ **By Overnight Delivery**
☐ **By Messenger Service**   ☐ **By Fax**     ☐ **By Electronic Service**

1.    At the time of service I was over 18 years of age and not a party to this action.

2.    My residence or business address is: 4747 Executive Drive, Suite 1000, San Diego, CA 92121

3.    ☐ The fax number or electronic notification address from which I served the documents is (complete if service was by fax or electronic service):

4.    On July 8 2011: I served the following documents (specify):

       DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL

☐ The documents are listed in the Attachment to Proof of Service—Civil (Documents Served) (form POS-040(D)).

5.    I served the documents on the **person or persons** below, as follows:

     a.    Name of person(s) served: *Rex Sofino, Counsel for Plaintiff Israel Salazar*

     b.    ☒ (Complete if service was by personal service, mail, overnight delivery, or messenger service.) Business or residential address where person was served:

         Rex Sofino (SBN 190671)
         SOFINO & ASSOCIATES
         2030 Main Street, Suite 1300
         Irvine, CA 92614
         Tel: (949) 260-9191
         Fax: (949) 260-9192

         *Counsel for Plaintiff Israel Salazar*

     c.    ☐ (Complete if service was by fax or electronic service.)

       (1)    Fax number or electronic notification address where person was served:

       (2)    Time of service:

☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6.    The documents were served by the following means (specify):

     a.    ☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's

SanDiego 72671.1

PROOF OF SERVICE - CIVIL

*Salazar v. Orkin Exterminating Company, Inc.*
Case No. 30-2011-00470880

residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

6.  b.  ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (specify, one):

   (1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2)  ☒  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Diego, California:

   c.  ☐  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d.  ☐  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

   e.  ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

   f.  ☐  **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 8, 2011

_____
LORI CUTRELL

SanDiego 72671.1

**EXHIBIT "C"**

1   FISHER & PHILLIPS LLP
    John E. Lattin, IV (SBN 167876)
2   E-mail: jlattin@laborlawyers.com
    2050 Main Street, Suite 1000
3   Irvine, CA 92614
    Telephone:    (949) 851-2424
4   Facsimile:    (949) 851-0152

5   FISHER & PHILLIPS LLP
    Christopher C. Hoffman (SBN 176334)
6   E-mail: choffman@laborlawyers.com
    James C. Fessenden (SBN 238663)
7   E-mail: jfessenden@laborlawyers.com
    4747 Executive Drive, Suite 1000
8   San Diego, CA  92121
    Telephone:    (858) 597-9600
9   Facsimile:    (858) 597-9601

10  Attorneys for Defendant
    ORKIN SERVICES OF CALIFORNIA, INC.
11  (erroneously sued as "Orkin Exterminating Company, Inc.")

12

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14            **COUNTY OF ORANGE, CIVIL COMPLEX CENTER**

15  ISRAEL SALAZAR, Individually and on          CASE NO. 30-2011-00470880-CU-OE-
    Behalf of Others Members of the Public        CXC
16  Similarly Situated,
                                                  *Assigned for all purposes to the*
17                                                *Honorable Gail A. Andler, Dept. CX102*
                      Plaintiff,
18                                                DEFENDANT'S NOTICE OF
19            v.                                  REMOVAL

20  ORKIN EXTERMINATING COMPANY,
    INC., and DOES 1-10, inclusive,               Action Filed:  April 27, 2011
21
22                    Defendants.
23
24

25          PLEASE  TAKE  NOTICE  THAT  on July 8, 2011, Defendant Orkin Services of

26  California, Inc., (erroneously sued as "Orkin Exterminating Company, Inc.")  by and through

27  its attorneys, filed with the United States District Court for the Central District of California, its

28  Notice of Removal of this action, a true and correct copy of which is attached hereto as

                                              1

1    **Exhibit "1."** Pursuant to 28 U.S.C. § 1446(d), the filing of the aforesaid Notice of Removal in

2    the District Court, together with the filing of this Notice with this Court, effects the removal of

3    this action, and this Court may not proceed further with the above-captioned litigation unless

4    and until the case is remanded.

5                                                     FISHER & PHILLIPS LLP

6
7    DATED:  July 8, 2011                      By: _____
                                                     JOHN E. LATTIN, IV
8                                                    CHRISTOPHER C. HOFFMAN
                                                     JAMES C. FESSENDEN
9
10                                                   Attorneys for Defendant
                                                     ORKIN SERVICES OF CALIFORNIA,
11                                                   INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SanDiego 72654.1

| ORANGE COUNTY SUPERIOR COURT, STATE OF CALIFORNIA | COURT USE ONLY |
|---|---|

TITLE OF CASE (ABBREVIATED):
*Salazar v. Orkin Exterminating Company, Inc.*

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):
JOHN E. LATTIN (SBN 167876)
CHRISTOPHER C. HOFFMAN (SBN 176334)
JAMES C. FESSENDEN (SBN 167876)
Email: jlattin@laborlawyers.com
Email: choffman@laborlawyers.com
Email: jfessenden@laborlawyers.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, CA 92121

TELEPHONE NO.:
Tel. (858) 597-9600
Fax: (858 ) 597-9601

ATTORNEYS FOR:
Defendant ORKIN SERVICES OF
CALIFORNIA, INC.

HEARING DATE – TIME

CASE NUMBER:
30-2011-00470880

## PROOF OF SERVICE—CIVIL

Check method of service (only one):

☐ **By Personal Service**        ☒ **By Mail**        ☐ **By Overnight Delivery**
☐ **By Messenger Service**       ☐ **By Fax**         ☐ **By Electronic Service**

1.　　At the time of service I was over 18 years of age and not a party to this action.

2.　　My residence or business address is: 4747 Executive Drive, Suite 1000, San Diego, CA 92121

3.　　☐ The fax number or electronic notification address from which I served the documents is (complete if service was by fax or electronic service):

4.　　On July ˙, 2011: I served the following documents (specify):

　　　　DEFENDANT'S NOTICE OF REMOVAL

☐ The documents are listed in the Attachment to Proof of Service—Civil (Documents Served) (form POS-040(D)).

5.　　I served the documents on the **person or persons** below, as follows:

　　a.　　Name of person(s) served: *Rex Sofino, Counsel for Plaintiff Israel Salazar*

　　b.　　☒ (Complete if service was by personal service, mail, overnight delivery, or messenger service.) Business or residential address where person was served:

　　　　Rex Sofino (SBN 190671)
　　　　SOFINO & ASSOCIATES
　　　　2030 Main Street, Suite 1300
　　　　Irvine, CA 92614
　　　　Tel: (949) 260-9191
　　　　Fax: (949) 260-9192

　　　　*Counsel for Plaintiff Israel Salazar*

　　c.　　☐ (Complete if service was by fax or electronic service.)
　　　(1)　　Fax number or electronic notification address where person was served:
　　　(2)　　Time of service:

☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6.　　The documents were served by the following means (specify):

　　a.　　☐　　**By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5.
　　　　(1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's

PROOF OF SERVICE - CIVIL

SanDiego 72671.1

*Salazar v. Orkin Exterminating Company, Inc.*
Case No. 30-2011-00470880

residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

6.  b.  ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (specify, one):

    (1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2)  ☒  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Diego, California:

  c.  ☐  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d.  ☐  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

  e.  ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f.  ☐  **By electronic service**. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 8, 2011

_____
LORI CUTRELL

SanDiego 72671.1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Israel Salazar, Individually and on Behalf of Other Members of the Public Similarly Situated

**DEFENDANTS**
Orkin Exterminating Company, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Rex Sofonio, Rex Sofonio & Associates, APLC      949-260-9191
2030 Main Street, Suite 1300
Irvine, CA 92614

Attorneys (If Known)
John E. Lattin/Christopher C. Hoffman/James E. Fessenden
Fisher & Phillips LLP      949-851-2424
2050 Main Street, Suite 1000
Irvine, CA 92614

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ Over $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer-Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare |  | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY |  | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions |  | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:** Case Number: _____  **SACV11-1014 JST(ANx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Jennifer_       Date _7/8/11_

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1014 JST (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.